**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

Supreme Judicial Court of Maine.

Questions Propounded by the House in an Order Dated Jan. 8, 1970.

Answered Jan. 12, 1970.

sion of limitations on use of statements of jurors to impeach verdict.

HOUSE ORDER PROPOUNDING
QUESTIONS

STATE OF MAINE

In House    January 8, 1970

WHEREAS, it appears to the House of Representatives of the 104th Legislature that the following are important questions of law and that the occasion is a solemn one; and

WHEREAS, the 104th Legislature pursuant to authority granted it in the Constitution of Maine, Article X, Section 4 proposed an amendment to the Constitution of Maine entitled "RESOLVE, Proposing an Amendment to the Constitution Providing for convening of the Legislature at Such Times as the Legislature Deems Necessary." (Legislative Document 24); and

WHEREAS, the Resolve was passed by a two-thirds vote of both Houses of the Legislature, signed by the Speaker of the House of Representatives and the President of the Senate and forwarded to the Governor on the twenty-seventh day of June, 1969; and

WHEREAS, the 104th Legislature adjourned without day on July 2, 1969; and

WHEREAS, the 104th Legislature reconvened in Special Session on January 6, 1970; and

WHEREAS, the Governor, acting pursuant to Article IV, Part Third, Section 2 of the Constitution of Maine, did on January 6, 1970 return the Resolve to the House of Representatives without his signature declaring that he has vetoed the Resolve; and

WHEREAS, it is important that the House of Representatives be informed as to its power and authority to act concerning the proposed constitutional amendment;

NOW THEREFORE BE IT ORDERED that the Justices of the Supreme Ju-

dicial Court are hereby respectfully requested to give to the House of Representatives, according to the provisions of the Constitution on its behalf, their opinion on the following questions:

1. Must the House of Representatives, if it disagrees with the veto of the Governor, take action under Article IV, Part Third, Section 2 of the Constitution of Maine to override the veto of the Governor?

2. If the answer to question 1 is in the negative, may the House of Representatives now, without further action, transmit Legislative Document 24 directly to the Secretary of State for his action in conformity with the provisions thereof?

Name: Richardson
Town: Cumberland

HOUSE OF REPRESENTATIVES
Read and Passed under
    Suspension of House Rule 41
January 8, 1970
Bertha W. Johnson, Clerk

A true copy,

ATTEST: (s)   Bertha W. Johnson
              (Mrs.) Bertha W. Johnson
              Clerk of the House

---

ONE HUNDRED AND FOURTH
LEGISLATURE

---

Legislative Document                No. 24

H. P. 21   Office of the Clerk of the House
    Filed December 27, 1968 under Joint Rule 6 by Mr. Ross of Bath. To be printed and delivered to the House of Representatives of the 104th Legislature.

BERTHA W. JOHNSON, Clerk
Presented by Mr. Ross of Bath.

STATE OF MAINE

---

IN THE YEAR OF OUR LORD
NINETEEN HUNDRED SIXTY-NINE

RESOLVE, Proposing an Amendment to the Constitution Providing for Convening of the Legislature at Such Times as the Legislature Deems Necessary.

---

Constitutional amendment. Resolved: Two-thirds of each branch of the Legislature concurring, that the following amendment to the Constitution of this State be proposed:

Constitution, Article IV, Part Third, Section 1, amended. Section 1 of Part Third of Article IV of the Constitution is amended to read as follows:

Section 1. To meet biennially. The Legislature shall convene on the first Wednesday of January biennially and, as provided by rule, at such other times as they deem necessary on the call of the President of the Senate and Speaker of the House, and, with the exceptions hereinafter stated, shall have full power to make and establish all reasonable laws and regulations for the defense and benefit of the people of this State, not repugnant to this Constitution, nor to that of the United States.

Form of question and date when amendment shall be voted upon. Resolved: That the aldermen of cities, the selectmen of towns and the assessors of the several plantations of this State are empowered and directed to notify the inhabitants of their respective cities, towns and plantations to meet in the manner prescribed by law for calling and holding biennial meetings of said inhabitants for the election of Senators and Representatives at the next general election in the month of November or special state-wide election on the Tuesday following the first Monday of November following the passage of this resolve, to give in their votes upon the amendment

proposed in the foregoing resolution, and the question shall be:

"Shall the Constitution be amended as proposed by a resolution of the Legislature Providing for Convening of the Legislature at Such Times as the Legislature Deems Necessary?"

The inhabitants of said cities, towns and plantations shall vote by ballot on said question, and shall indicate by a cross or check mark placed against the words "Yes" or "No" their opinion of the same. The ballots shall be received, sorted, counted and declared in open ward, town and plantation meetings and returns made to the office of the Secretary of State in the same manner as votes for Governor and Members of the Legislature, and the Governor and Council shall review the same, and if it shall appear that a majority of the inhabitants voting on the question are in favor of the amendment, the Governor shall forthwith make known the fact by his proclamation, and the amendment shall thereupon, as of the date of said proclamation, become a part of the Constitution.

Secretary of State shall prepare ballots. Resolved: That the Secretary of State shall prepare and furnish to the several cities, towns and plantations ballots and blank returns in conformity with the foregoing resolve, accompanied by a copy thereof.

STATE OF MAINE
SENATE
104th LEGISLATURE

SENATE AMENDMENT "B" to H.P. 21, L.D. 24, RESOLVE, Proposing an Amendment to the Constitution Providing for Convening of the Legislature at Such Times as the Legislature Deems Necessary.

Amend said Resolve by striking out all of the 3rd paragraph and inserting in place thereof the following:

'*Section 1. To meet biennially.* The Legislature shall convene on the first Wednesday of January biennially *and at such other times on the call of the President of the Senate and Speaker of the House, with the consent of a majority of the members of the Legislature of each political party, all members of the Legislature having been first polled* and, with the exceptions hereinafter stated, shall have full power to make and establish all reasonable laws and regulations for the defense and benefit to the people of this State, not repugnant to this Constitution, not to that of the United States.'

Further amend said Resolve by striking out all of the first sentence of the 4th paragraph and inserting in place thereof the following:

'That the aldermen of cities, the selectmen of towns and the assessors of the several plantations of this State are empowered and directed to notify the inhabitants of their respective cities, towns and plantations to meet in the manner prescribed by law for calling and holding biennial meetings of said inhabitants for the election of Senators and Representatives at the next general election in the month of November, to give in their votes upon the amendment proposed in the foregoing resolution, and the question shall be:'

Proposed by Senator KATZ of Kennebec.

Reproduced and distributed pursuant to Senate Rule No. 11A.

(Filing No. S–315)
6/23/69

ANSWERS OF THE JUSTICES

TO THE HONORABLE HOUSE OF REPRESENTATIVES OF THE STATE OF MAINE:

In compliance with the provisions of *Section 3 of Article VI of the Constitution of Maine,* we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following Answers to the Questions propounded on January 8, 1970:

QUESTION #1: Must the House of Representatives, if it disagrees with the

veto of the Governor, take action under Article IV, Part Third, Section 2, of the Constitution of Maine to override the veto of the Governor?

ANSWER: We answer in the negative.

The Statement of Facts submitted with the Questions reveals that at the regular session of the 104th Legislature House Paper No. 21, Legislative Document No. 24, *RESOLVE, Proposing an Amendment to the Constitution Providing for Convening of the Legislature at Such Times as the Legislature Deems Necessary*, was passed by both the House and the Senate by a vote of two-thirds of each body. The Resolve was signed by the Speaker of the House of Representatives and the President of the Senate. The Statement of Facts continues, the Resolve was presented to the Governor for his consideration on June 27, 1969. The 104th Legislature adjourned without day July 2, 1969, before the Governor considered the Resolve. The Statement of Facts further recites that on the first day of the convening of the first Special Session of the 104th Legislature the Governor returned the Resolve disapproved.

*Article IV, Part Third, Section 2, of the Constitution of Maine*, provides in part as follows:

Section 2. Every bill or resolution, having the force of law, to which the concurrence of both Houses may be necessary except on a question of adjournment, which shall have passed both Houses, shall be presented to the Governor, and if he approve, he shall sign it; if not, he shall return it with his objections to the House, in which it shall have originated, which shall enter the objections at large on its journals, and proceed to reconsider it.

*Article X, Section 4*, entitled, Amendments to Constitution, reads as follows:

Section 4. The Legislature, whenever two-thirds of both Houses shall deem it necessary, may propose amendments to this Constitution; and when any amendments shall be so agreed upon, a resolution shall be passed and sent to the selectmen of the several towns, and the assessors of the several plantations, empowering and directing them to notify the inhabitants of their respective towns and plantations, in the manner prescribed by law, at the next biennial meetings in the month of November, or to meet in the manner prescribed by law for calling and holding biennial meetings of said inhabitants for the election of Senators and Representatives on the Tuesday following the first Monday of November following the passage of said resolve, to give in their votes on the question, whether such amendment shall be made; and if it shall appear that a majority of the inhabitants voting on the question are in favor of such amendment, it shall become a part of this Constitution.

■ A resolve passed by a two-thirds vote of both Houses of the Legislature, proposing a constitutional amendment, is not a "bill or resolve having the force of law."

■ In proposing a constitutional amendment the Legislature is not exercising its power to make laws. It is acting as a special organ of Government for the purpose of initiating a constitutional amendment. To the exercise of this function the Governor is not a party.

■ The Legislature erred in sending Legislative Document No. 24 to the Governor for his approval. This being so, it necessarily follows under our Constitution, the sanction or approval of the Governor is not essential to the validity of the resolution proposing the amendment to the Constitution. Accordingly, his veto does not affect the validity of the resolution. The Governor has no duty to perform respecting constitutional amendments save that required by 1 M.R.S.A. Sec. 352, i. e., within 30 days after it appears that a con-

**58**

stitutional amendment has been adopted, the Governor shall make proclamation thereof.

 We are mindful it has long been the practice of the Legislature to refer resolutions proposing constitutional amendments to the Governor for his consideration. We are unaware of any previous instance in which such resolve has been the subject of Executive veto. The occasion for a determination that the Governor's assent to a resolve proposing a constitutional amendment is unnecessary, could not, then, have sooner arisen. A long continued practice of the Legislature cannot have the effect of imposing duties upon the Governor beyond those provided by the Constitution.

Since the Governor's veto subtracts nothing from the validity of the legislative action in this instance, it is not necessary for the House of Representatives to take action under *Article IV, Part Third, Sec. 2, of the Constitution of Maine* to override or sustain the veto of the Governor.

QUESTION #2: If the answer to Question 1 is in the negative, may the House of Representatives, now, without further action, transmit Legislative Document No. 24 directly to the Secretary of State for his action in conformity with the provisions thereof?

ANSWER:

 Question #1 has been answered in the negative. Since the resolution (Legislative Document No. 24) has been passed by ⅔ vote of both the House and Senate and no action thereon is required by the Governor, the Document becomes one that must be transmitted to the Secretary of State for his action in conformity with the provisions of the resolution. The usual and ordinary procedures, according to the rules of the Legislature, should be employed to accomplish this.

Dated at Augusta, Maine, this 12th day of January, 1970.

Respectfully submitted:

ROBERT B. WILLIAMSON

DONALD W. WEBBER

HAROLD C. MARDEN

ARMAND A. DUFRESNE, Jr.

RANDOLPH A. WEATHERBEE

CHARLES A. POMEROY