**RUSH CITY HOSPITAL, Respondent,**

v.

**SANDSTONE AREA HOSPITAL and Nursing Home, Inc., and Lakeside Nursing Home, Inc., Appellants,**

and

**Pine County Board of Commissioners, Dr. George R. Petterson, Minnesota Commissioner of Health, and Central Minnesota Health Systems Agency, Defendants.**

No. 82–398.

Supreme Court of Minnesota.

Nov. 24, 1982.

Broeker, Hartfeldt, Hedges & Grant, John M. Broeker and James W. Ingison, Minneapolis, for appellants.

Hamilton & Bowden, Joseph E. Hamilton and John J. Bowden, Minneapolis, for Rush City Hosp.

John Carlson, County Atty., Pine City, for Pine County Bd. of Com'rs.

Warren Spannaus, Atty. Gen., and Richard A. Wexler, Asst. Atty. Gen., Minneapolis, for Dr. George R. Petterson, et al.

Donohue & Rajowski and Michael H. Donohue, St. Cloud, for Central Minnesota Health Systems Agency.

TODD, Justice.

In 1976, Pine County, Minnesota, decided to sell its municipal hospital and nursing home to avoid continued losses. Sandstone Area Hospital, Inc. acquired the property in 1977 and now operates the 30-bed hospital and 46-bed nursing home as a nonprofit corporation in Sandstone, Minnesota, 20 miles north of Pine City. Max Blaufuss,

who submitted Sandstone's bid to the Pine County Board, also owns Lakeside Nursing Home, Inc., a for-profit 135-bed nursing home in Pine City, Minnesota. Rush City Hospital is a municipal, 29-bed acute care facility located at Rush City, 10 miles south of Pine City.

As part of the Sales Agreement, the Pine County Board of Commissioners endorsed a facility plan, dated March 1, 1977, for acute and long term care in Pine County. This plan, endorsed by the Board on July 12, 1977, called for designation of ten beds at the Lakeside Nursing Home as acute care beds, and redesignation of ten beds at Sandstone as nursing home beds.

In 1981, the Minnesota legislature exempted this agreement from the certificate of need statutes of Minnesota. Rush City brought a declaratory judgment action and the trial court declared the statute unconstitutional. We reverse.

Pine County wanted to get out of the health care business. Thus it sold its facility at Sandstone. As part of the sales agreement of the Sandstone facility, the county board agreed to endorse the facility plan which included the creation of a 10 bed acute care facility at the Lakeside Nursing Home in Pine City. Under Minnesota law (Minn.Stat. §§ 145.832–845 (1980)) at the time of the purchase, a certificate of need would have to be obtained to permit the licensing of 10 acute care beds at Pine City.

During the 1981 legislative session House File No. 979 was amended to include the following language:

"Section 2. Certificate of Need Waiver.

The Sandstone area hospital may fulfill a contract entered into before January 1, 1981, by the Pine County board of commissioners and the Sandstone area hospital without complying with the provisions of sections 145.832 to 145.845."

The bill as amended was passed by the House and signed by the governor, emerging as Act of May 15, 1981, ch. 200, § 2, 1981 Minn.Laws 673, 673.

Respondent Rush City Hospital brought suit, claiming that as it operates in the same service area as the proposed 10-bed satellite hospital in Pine City, it will be adversely affected by the proposal. Rush City Hospital sought a declaratory judgment that the waiver statute is unconstitutional and a temporary injunction preventing the establishment of the satellite hospital facility.

The trial court granted Rush City's motion for summary judgment, finding that the statute is unconstitutional according to Minn.Const. art. XII, § 1, which prohibits special legislation. The court denied appellants' subsequent motion for amended and additional findings and conclusions, and found that Rush City has standing to challenge the statute's enactment, as it is a party disadvantaged by the legislation to a greater degree than the public generally.

The issues are:

1. Is Act of May 15, 1981, ch. 200, § 2, 1981 Minn.Laws 673, 673 unconstitutional?

2. Does Rush City Municipal Hospital have standing in these proceedings?

3. Is Act of May 15, 1981, ch. 200, § 2, 1981 Minn.Laws 673, 673 violative of the Equal Protection Clause of the United States Constitution?

4. Was summary judgment properly granted?

1. The parties and the trial court became enmeshed in a discussion of the 1981 legislative act as controlled by art. XII, Section 1 of our constitution which prohibits special legislation. Very little attention was paid to art. XII, Section 2 of the Constitution which permits special legislation. This section provides in part:

Sec. 2. *Special laws; local government.* Every law which upon its effective date applies to a single local government unit or to a group of such units in a single county or a number of contiguous counties is a special law and shall name the unit or, in the latter case, the counties to which it applies. The legislature may enact *special laws relating*

*to local government units,* but a special law, unless otherwise provided by general law, shall become effective only after its *approval by the affected unit* expressed through the voters or the governing body and by such majority as the legislature may direct. (emphasis added)

■ The trial court concluded that the legislation in question could not be considered under Section 2 because a local government unit was not affected by the legislation. Likewise, the trial court held there had been no local approval. We disagree and hold that the legislation in question should have been considered under Section 2.

■ The legislation in question is less than artfully drawn. This is understandable, considering that it was introduced as a last minute amendment. Nevertheless, we hold that the legislature, in passing Act of May 15, 1981, ch. 200, § 2, 1981 Minn.Laws 673, 673 intended to create special legislation under art. XII, Section 2 of our constitution and that it did accomplish its intent. The fact that the legislation has not been approved by the local unit of government, Pine County, has no effect on its constitutionality. The law is a validly passed, constitutional statute which has not yet become effective. It remains subject to the provisions of Minn.Stat. § 645.021, Subd. 3 (1980).

The basis of our decision precludes the necessity of considering the other issues raised in this appeal.

Reversed.