GOVERNOR: LEGISLATION: CONSTITUTIONAL AMENDMENTS:
Amendments proposed by legislative action are not subject to gubernatorial approval or veto.
Minn. Const. art. IV. §§ 23. 24: art. IX. §1.

213-C
(Cr. Ref. 86-a)

March 9, 1994

The Honorable Arne H. Carlson
130 State Capitol
75 Constitution Avenue.
St. Paul, MN 55155

Dear Governor Carlson:

In your letter to our office you ask substantially the following questions:

## QUESTION I.

Must proposed amendments to the Minnesota Constitution be presented to the governor for signature or veto?

## OPINION

We answer your question in the negative. Minn. Const. art. IX, § 1, provides:

> A majority of the members elected to each house of the legislature may propose amendments to this constitution. Proposed amendments shall be published with the laws passed at the same session and submitted to the people for their approval or rejection at a general election. If a majority of all the electors voting at the election vote to ratify an amendment, it becomes a part of this constitution. If two or more amendments are submitted at the same time, voters shall vote for or against each separately.

The plain wording of this section indicates that amendments may be proposed by "a majority of the members elected to each house" and submitted to the "people" for approval. This provision makes no mention of the governor. However, as you note, Minn. Const. art. IV, § 23, provides in part:

> Every bill passed in conformity to the rules of each house and the joint rules of the two houses shall be presented to the governor. If he approves a bill, he shall

sign it, deposit it in the office of the secretary of state and notify the house in which it originated of that fact. If he vetoes a bill, he shall return it with his objections to the house in which it originated. His objections shall be entered in the journal. . . . Any bill not returned by the governor within three days (Sundays excepted) after it is presented to him becomes a law as if he had signed it, unless the legislature by adjournment within that time prevents its return. Any bill passed during the last three days of a session may be presented to the governor during the three days following the day of final adjournment and becomes law if the governor signs and deposits it in the office of the secretary of state within 14 days after the adjournment of the legislature. Any bill passed during the last three days of the session which is not signed and deposited within 14 days after adjournment does not become a law.

If a bill presented to the governor contains several items of appropriation of money, he may veto one or more of the items while approving the bill.

Section 24 provides:

Each order, resolution or vote requiring the concurrence of the two houses except such as relate to the business or adjournment of the legislature shall be presented to the governor and is subject to his veto as prescribed in case of a bill.

You are concerned with the issue of whether one or both of these "presentment" clauses applies so as to require that proposed constitutional amendments *per se* be presented to the governor and subjected to gubernatorial approval or veto. While we are not aware of any Minnesota court case directly on point, our office has previously considered the question and concluded that proposed constitutional amendments are not subject to approval or veto by the governor. *See, e.g.*, Ops. Atty. Gen. 86a, November 12, 1946; 213-c, April 1, 1922, and March 10, 1947 (copies attached). As pointed out in the 1946 opinion, the U.S. Supreme Court in 1878 determined that constitutional amendments proposed by Congress are not subject to presidential veto, despite language of Article 1, Section 7, in the U.S. Constitution[1] which is

---

1.   That section provides in part:

Every bill which shall have passed the house of representatives and the senate shall, before it becomes a law, be presented to the president of the United States; if he approve, he shall sign it;, but if not, he shall return it, with his objections, to that house in which it shall have originated, who

(Footnote 1 continued on next page.)

similar to that contained in Article IV, Sections 23 and 24, of the Minnesota Constitution quoted

above. Rather "the negative of the president applies only to ordinary cases of legislation; he has

nothing to do with the proposition or adoption of amendments to the Constitution." *See*

*Hollingsworth v. Virginia*, 3 U.S. (3 Dall.) 378, 380 (1798); *See also Consumer Energy Council*

*of America v. F.E.R.C.*, 673 F.2d 425 (D.C. Cir. 1982). The majority of authorities in other

states also appear to conclude that presentment language such as that contained in our

constitution does not apply to constitutional amendments proposed by the legislature for

approval by vote of the people. *See, e.g.*, Opinion of the Justices, 261 A.2d 53 (Me. 1970); Op.

(Arkansas) Atty. Gen. 93-068, March 19, 1993; Op. (Nebraska) Atty. Gen. 87072, May 12, 1987;

Op. (Pennsylvania) Ag. 84-3, December 28, 1984.

There is a case to the contrary in which the Supreme Court of Montana held presentment

language similar to that in our constitution to be unambiguous and mandatory; subject only to the

exceptions contained in the presentment section for such things as adjournment and internal

business matters of the two houses. Consequently, the court invalidated a purported amendment

proposal which had not been presented to the governor. As noted above, however, that result

---

(Footnote 1 continued.)

shall enter the objections at large on their journal, and proceed to reconsider
it. . . . If any bill shall not be returned by the president within ten days
(Sundays excepted) after it shall have been presented to him, the same shall
be a law in like manner as if he had signed it, unless the Congress by their
adjournment prevent its return; in which case it shall not be a law.

Every order, resolution, or vote to which the concurrence of the
senate and house of representatives may be necessary (except on a question
of adjournment) shall be presented to the president of the United States,
and, before the same shall take effect, shall be approved by him, or being
disapproved by him, shall be repassed by two-thirds of the senate and house
of representatives, according to the rules and limitations prescribed in the
case of a bill.

appears to be in the minority. Furthermore, in an analogous situation, our Supreme Court declined to hold the presentment language unambiguous and all-inclusive. In *State ex rel. Gardner v. Holm*, 241 Minn. 125, 62 N.W.2d 52 (1954) the court held that action of the "legislature" in fixing judicial salaries in accordance with Article VI, Section 6 of the Minnesota Constitution,[2] was not subject to approval or veto by the governor. While acknowledging the broad implications of the presentment provisions of the constitution, the court concluded nonetheless:

> [I]t is clear that not all acts of the legislature must be submitted to the governor. As an example, regents of the University of Minnesota are appointed pursuant to R.S.1851, c. 28. State ex rel. Peterson v. Quinlivan, 198 Minn. 65, 268 N.W. 858. The selection of regents must be made by the vote of the joint session of the legislature, but the governor has no control over such selection.

> It is also clear that there is a vital distinction between the exercise of the lawmaking function and the exercise of those other functions delegated to the legislature which are not strictly speaking lawmaking.

> \* \* \* \*

> That the framers of our constitution did not intend to grant to the governor a veto over all acts of the legislature is apparent from an examination of art. 5,§ 4, dealing with the powers and duties of the governor. With respect to the veto power, this section reads:

>> "* * * He [the governor] shall have a negative upon all laws passed by the legislature, *under such rules and limitations as are in this Constitution prescribed*." (Italics supplied.)

> Implicit in this language is an exception in those cases where the constitution itself provides that the legislature, quite aside from the exercise of the lawmaking function, shall act without the concurrence of the governor. That, it appears to us, is the situation here.

*Id.* at 131, 62 N.W. 2d at 56-57.[3]

---

2.  The applicable language is now contained in Minnesota Constitution Article VI, § 5.

3.  The quoted language from Article V, section 4, was deleted in the 1974 "structure style and form" amendment to the Constitution. However, that amendment was not intended to have any consequential changes in legal effect. *See* Act of April 10, 1974, §§ 2-3, 1974 Minn. Laws at 819-20.

We believe that similar reasoning would be applied in the case of proposed constitutional amendments. For the foregoing reasons, we conclude that proposed amendments to the constitution are not required, as a matter of law, to be presented to the governor nor are they subject to his approval or veto.[4]

## QUESTION II

In the case of a proposed constitutional amendment which is part of a larger bill containing statutory changes and/or appropriations what is the effect of a governor's veto of that bill.

## OPINION

In our opinion, a veto of a bill containing a proposed constitutional amendment together with matters of ordinary legislation would be effective as to the legislation contained in the bill and the provisions so vetoed would not become law unless the veto were overridden. However, as noted in response to Question I above, the veto would not affect the proposed constitutional amendment which must be voted upon at the next general election in accordance with Minn. Const. art. IX, § 1, and Minn. Stat. § 3.20 (1992).

In *Wass v. Anderson*, 312 Minn. 394, 252 N.W.2d 131 (1977), our Supreme Court addressed a claim that a proposal for a constitutional amendment was a "subject" in and of itself and thus could not be contained in a bill with other legislative action without violating the "single subject" rule.[5] There the court said:

---

4. It is our understanding, however, that bills proposing constitutional amendments have generally been presented to and approved by the governor in the past. As noted in Op. Atty. Gen. 86-a, November 12, 1946, however, the approval or disapproval of the governor would have no bearing upon submission of the amendments to the people.

5. Minn. Const. art. IV, § 17, provides: "No law shall embrace more than ⌐ ˙ subject, which shall be expressed in its title."

> Plaintiffs concede that the constitution imposes no requirement as to the form a proposed constitutional amendment must take. That it might be preferable for the legislature to propose amendments separately rather than to include them in bills containing other provisions is a matter addressed to legislative discretion and not judicially cognizable.

*Id.* at 399, 252 N.W. 2d at 135. Thus, it seems clear that a constitutional amendment may legitimately be proposed by the legislature in the context of a "bill" which also contains ordinary legislation.

We see no reason, however, that the inclusion of a proposed constitutional amendment should, in any manner, interfere with the constitutional authority of the governor to approve or veto either the bill itself or items of appropriations therein to the extent that it contains ordinary legislation. Minn. Const. art. IV, § 23, clearly gives the governor authority to veto bills and items of appropriation contained within bills. While we conclude above that a constitutional amendment proposed by the members of the legislature is to be presented to the people for adoption without respect to gubernatorial action, the rationale and authorities supporting that result also clearly recognize the authority of the governor to review and approve or veto ordinary legislation which is not to be presented to the people for approval. Indeed, we can conceive of no rational basis upon which to conclude the constitutional drafters would have intended to permit the legislature to insulate general legislation from exposure to veto simply by including it in a bill containing an amendment proposal.

Consequently, we conclude that the governor retains authority to review and approve or veto a bill containing general legislation presented by the legislature as well as items of appropriation, where appropriate, notwithstanding that the bill may also contain a proposed amendment. The effect of that action would be that the legislation contained in the vetoed bill or the vetoed appropriation items would not become law unless the veto is overridden in accordance

with Article IV, Section 23, of the Constitution, but the proposed amendment will be presented

for a vote of the people and, if approved by them, become part of the Constitution.

Very truly yours,

HUBERT H. HUMPHREY III

JOHN R. TUNHEIM
Chief Deputy
Attorney Gemeral