Timothy J. MASTERS,
et al., Appellants,

v.

COMMISSIONER, MINNESOTA
DEPARTMENT OF NATURAL
RESOURCES, Respondent.

No. C1–99–1302.

Court of Appeals of Minnesota.

Jan. 18, 2000.

Gilbert W. Harries, Hanft Fride, P.A., Duluth, MN (for appellants).

Mike Hatch, Attorney General, Matthew B. Seltzer, Assistant Attorney General, St. Paul, MN (for respondent).

Considered and decided by SHORT, Presiding Judge, WILLIS, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellants challenge the district court's grant of summary judgment, claiming that 1996 Minn. Laws ch. 407 violates the single-subject-and-title-requirements of Minn. Const. art. IV, § 17. In addition, appellants argue that section 32 of chapter 407 is unconstitutional special legislation in violation of Minn. Const. art. XII, § 2. Because chapter 407 does not violate the single subject-and-title-requirements of the constitution and section 32 does not constitute special legislation, we affirm.

## FACTS

This appeal involves 1996 Minn. Laws ch. 407, § 32, which created the Iron Range Off–Highway Vehicle Recreation Area (OHVRA). Section 32 authorizes respondent, the Commissioner of the Minnesota Department of Natural Resources, to acquire land by gift or purchase for the creation of the OHVRA, and to manage the OHVRA as a state recreation area as provided by Minn.Stat. § 86A.05, subd. 3 (1994).

Appellants are residents of the City of Gilbert and are concerned that the noise from vehicles in the recreational area will destroy the peace and tranquility of their homes. Appellants filed a complaint to enjoin the commissioner from establishing the OHVRA on Gilbert property, claiming that both chapter 407 and section 32 violate the Minnesota Constitution.

The parties filed cross motions for summary judgment. The district court granted respondent's motion for summary judgment, holding that chapter 407 did not violate the single-subject-and-title requirements of the Minnesota Constitution and that section 32 was not special legislation as defined in the constitution.

Appellants now challenge the district court's determination.

## ISSUES

I.    Does chapter 407 violate the title requirement of the Minnesota Constitution?

II.    Does chapter 407 violate the single-subject requirement of the Minnesota Constitution?

III.    Is section 32 of chapter 407 a special law requiring local government approval under the Minnesota Constitution?

## ANALYSIS

On an appeal from summary judgment the reviewing court determines whether there are any genuine issues of material fact and whether the lower court erred in the application of the law. *Boutin v. LaFleur,* 591 N.W.2d 711, 714 (Minn. 1999), *cert. denied sub nom. Boutin v. Hvass,* —— U.S. ——, 120 S.Ct. 417, —— L.Ed.2d —— (1999). The parties do not dispute the facts, but disagree on the constitutionality of both chapter 407 and section 32. The constitutionality of a statute is a question of law, and as such, this court is not bound by the conclusion of the district court. *In re Blilie,* 494 N.W.2d 877, 881 (Minn.1993). Minnesota statutes are presumed constitutional and are declared unconstitutional only with extreme caution and only when absolutely necessary. *In re Haggerty,* 448 N.W.2d 363, 364 (Minn. 1989). A necessary prerequisite for a finding of unconstitutionally is a demonstration beyond a reasonable doubt of a violation of some provision of the Minnesota Constitution. *Id.*

### I.

Our analysis begins with the title of the act. Appellants contend that chapter 407 violates Minn. Const. art. IV, § 17, which requires that "no law shall embrace more than one subject which shall be expressed in its title." While the constitution does not require that the title serve as an index of the law, it must give notice of the general subject. *Wass v. Anderson,* 312 Minn. 394, 402–03, 252 N.W.2d 131, 137 (1977). The title at issue here is:

> An act relating to the organization and operation of state government; appropriating money and adding and modifying provisions relating to the environment, natural resources, and agriculture; supplementing, reducing, and modifying earlier appropriations; providing for reports and fees; amending Minnesota Statutes * * * 85.015, by adding a subdivision; 85.053, subdivision 7; 85.054, by adding a subdivision; 85.055 subdivision 1 * * *.

1996 Minn. Laws ch. 407.

Appellate courts in Minnesota traditionally afford the legislature broad discretion in entitling legislation. Only rarely does a court determine that legislation is unconstitutional as a result of a violation of the title provision of the Minnesota Constitution. *See Wass,* 312 Minn. at 402–03, 252 N.W.2d at 137. Recently, this court found certain legislation unconstitutional due to a title that failed to provide the reader with any notice of a particular legislative change included in the law. *Associated Builders & Contractors v. Carlson,* 590 N.W.2d 130, 136–37 (Minn.App.1999) (involving an omnibus tax bill that included a provision requiring educational construction projects to follow the prevailing wage act, but the title of which did not contain any reference to that subject), *review granted* (Minn. Apr. 20, 1999).

This case differs from *Associated Builders* in two important ways. First, unlike the title at issue in *Associated Builders,* the title of chapter 407 includes words that identify the subjects included within the chapter. For example, the title of chapter 407 includes the descriptive and declarative words "environment" and "natural resources" and these words alert readers that environmental improvement and natural-resource-development projects are discussed within the chapter. Further, unlike *Associated Builders,* the references in the title of chapter 407 are reasonably

related to the changes in the listed statutes. Chapter 85 of the Minnesota Statutes has always referred to parks and recreation; specifically to the addition of new state recreation areas. The title to chapter 407 also refers to section 85.054, which specifically mentions the "Iron Range off-highway vehicle recreation area."

■ Appellants have not met their burden of showing that chapter 407 violates the title requirement of the Minnesota Constitution. The title heading together with the specific statutory notations are sufficient to notify readers that the Iron Range OHVRA has been established.

## II.

■ Appellants also argue that chapter 407 violates the subject requirement of the Minnesota Constitution. Minn. Const. art. IV, § 17. The single-subject-and-title provision was not intended to prevent comprehensive legislation; accordingly, the provision should be given a liberal interpretation. *Investment Co. Inst. v. Hatch,* 477 N.W.2d 747, 750 (Minn.App. 1991).

■ The purpose of the single-subject provision is to ensure that the legislature separately reviews and considers each law, thereby reducing the chances that foreign matters will be included in the primary law. *State ex rel. Mattson v. Kiedrowski,* 391 N.W.2d 777, 784 (Minn.1986) (Yetka, J., concurring). The common thread that runs through the various sections of a law need only be a "mere filament" to withstand the single subject restriction. *Blanch v. Suburban Hennepin Reg'l Park Dist.,* 449 N.W.2d 150, 155 (Minn.1989).

Although violations of the single-subject requirement are rarely found, this court recently recognized the limitations on the broad interpretation of the single-subject provision. *Associated Builders,* 590 N.W.2d at 135–36 (noting that the general subject of "taxation and government operations" swallowed the single-subject re-

quirement, allowing too many disparate topics to meet the single-subject test). Unlike the statute involved in *Associated Builders,* chapter 407 is not overbroad. The areas of environment, natural resources, and agriculture are closely related to one another and constitute one subject. Chapter 407 does cover a broad range of topics, but each topic is related to the areas of environment, natural resources, and agriculture.

Chapter 407 meets the "mere filament" test and does not violate the single-subject requirement of the Minnesota Constitution.

## III.

Finally, we reach appellants' claim that section 32 of chapter 407 is special legislation under Minn. Const. art. XII, § 2, because the land it describes lies completely within the City of Gilbert. Appellants assert that the City of Gilbert should have been named specifically in the act and should have approved the legislation, as required by the laws governing special legislation. Minn. Const. art. XII, § 2, sets out the requirements for special legislation:

> Every law which upon its effective date applies to a single local government unit or to a group of such units in a single county * * * is a special law * * *. The legislature may enact special laws * * * but a special law * * * shall become effective only after its approval by the affected unit * * *.

■ Although section 32 only describes land within the City of Gilbert, this court has held that a law is not per se special legislation merely because it has a class of only one member. *See Larson v. Sando,* 508 N.W.2d 782, 786 (Minn.App. 1993), *review denied* (Minn. Jan. 21, 1994). A law is considered general if the classification "justifies a statute peculiar to the class in the matters addressed in the law." *In re Tveten,* 402 N.W.2d 551, 558 (Minn. 1987). In order to determine if a classifi-

cation is justified and constitutional, we apply a three-part rational basis test. A classification is proper if:

    (a) the classification applies to and embraces all who are similarly situated with respect to conditions or wants justifying appropriate legislation;

    (b) the distinctions are not manifestly arbitrary or fanciful but are genuine and substantial so as to provide a natural and reasonable basis justifying the distinction; and

    (c) there is an evident connection between the distinctive needs peculiar to the class and the remedy or regulations therefor which the law purports to provide.

*Id.* at 558–59 (citations omitted).

■ Section 32 passes the rational-basis test. Section 32 is not discriminatory; it merely *authorizes the commissioner to acquire land by gift or purchase to use for* the creation of the OHVRA. In addition, the OHVRA is contingent on the approval of the City of Gilbert; without city authorization, the commissioner may not acquire the necessary land for the OHVRA. 1996 Minn. Laws ch. 407, § 3. Furthermore, there is an evident connection between the needs of the City of Gilbert and the remedy offered by the OHVRA. Specifically, the DNR wanted to acquire land in the City of Gilbert because it was currently unused and adjacent to state land slated for use as a recreation area. Similarly, the city also desired the development of a recreation area. In a letter to the DNR, the Mayor and City Council of Gilbert wrote, "[t]he City of Gilbert needs this project ... to develop an almost worthless abandoned mine site and mine dumps which fit the OHVRA project like a glove * * *."

■ As the district court properly noted, section 32 does "affect" the City of Gilbert and its citizens, but it does not "apply" to the city as that word is contemplated in article XII, section 2 of the Minnesota Constitution. The term "special legislation" is reserved for legislation that is "so patently arbitrary as to demonstrate constitutional evasion * * *." *Tveten,* 402 N.W.2d at 558; *see, e.g., Rush City Hosp. v. Sandstone Area Hosp.,* 326 N.W.2d 638, 639 (Minn.1982) (holding that a law exempting a sales agreement between two nursing homes from the Minnesota certificate of need statutes was special legislation); *Davies v. City of Minneapolis,* 316 N.W.2d 498, 501 (Minn.1982) (holding that an agreement that obligated a municipality to impose a sales tax was special legislation). Section 32 does not evade the Minnesota Constitution in order to create an OHVRA; on the contrary, section 32 is contingent on the City of Gilbert's consent to a recreational park within the city limits.

Appellants have not met their burden of showing that section 32 is special legislation in violation of the Minnesota Constitution. Further, because section 32 is not special legislation, we need not reach appellants' argument on the issue of local-government approval for special legislation.

## DECISION

The district court properly held that chapter 407 does not violate the single-subject-and-title requirements of Minn. Const. art. IV, § 17, and that section 32 is not special legislation as defined in Minn. Const. art. XII, § 2.

**Affirmed.**